**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> v. : <br> : Criminal No. 02-502-1 <br> CHRISTOPHER RASHEED SMITH, : <br> : <br> Defendant/Petitioner. : <br> : | |

**MEMORANDUM**

**J. Younge**                                                                                           **November 21, 2023**

**I.    INTRODUCTION**

Petitioner Christopher Rasheed Smith filed his Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 on June 18, 2016.  (ECF No. 108.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons stated in the following Memorandum, this Motion is Denied.

**II.    PROCEDURAL HISTORY/FACTUAL BACKGROUND**

Petitioner Christopher Rasheed Smith has moved to correct his sentence based on the imposition of a mandatory minimum sentence under the Armed Career Criminal Act (hereinafter "ACCA"), 18 U.S.C. § 924(e), and a sentencing enhancement under United States Sentencing Guideline (hereinafter "U.S.S.G.") § 2K2.1.  *See* Petitioner's Motion, ECF No. 108.  The ACCA provides that a defendant convicted of 18 U.S.C. § 922(g) and who has three previous convictions for a violent felony is subject to a mandatory minimum sentence of fifteen years' imprisonment.  18 U.S.C. § 924(e).  A defendant who is convicted of certain firearms offenses is subject to a base offense level of 24 if they had been convicted of two prior felony crimes of violence.  U.S.S.G.  § 2K2.1(a)(2).

On January 22, 2003, following a jury trial, the Petitioner was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  (ECF Nos. 68 & 107.)  The Petitioner had been prohibited from possessing a firearm due to previous felony convictions, including robbery and kidnapping convictions in violation of 18 Pa. C.S. § 3701(a) and 18 Pa. C.S. § 2901, respectively.  (Petitioner's Motion, ECF No. 108, p. 3.)  After the determination that the Defendant could be classified as an armed career criminal, he was sentenced to 236 months' imprisonment and five years of supervised release.  (Petitioner's Motion, ECF No. 108, p. 2.)  Petitioner is currently serving his five years of supervised release following his release from prison on November 6, 2020.  *See* Petitioner's Motion for Early Termination of Supervised Release, ECF No. 125.

Petitioner was designated an armed career criminal and subjected to sentencing enhancements based on his prior conviction for first-degree robbery and kidnapping by force, threat, or deception during three separate incidents occurring in 1992 and 1993.  (Petitioner's Motion, ECF No. 108, pp. 2-3.)  Petitioner pled guilty to the following conduct as recited during his June 29, 1993 Change of Plea hearing for those crimes:

> [O]n November the 29th, 1992, [Complainant] agreed to drive the Defendant to Cottman Avenue, in Philadelphia . . . As they approached the Cottman Avenue exit, the Defendant produced a handgun, and demanded to be taken to Girard Avenue . . . [There] he had [Complainant] pull over.  At that time, the Defendant took [Complainant]'s car stereo and speakers, and $2.00 in United States currency from him. . .
>
> [O]n Thursday, January 14th, 1993, at about 3:30 p.m., [Complainants] were pumping gas into [their] car . . . and they were approached by the Defendant and another male. The Defendant . . . persisted in having [Complainant] drive him to a repair shop on Cottman Avenue, Philadelphia . . . [A]s they approached Cottman Avenue, the Defendant told [Complainant] to pull over on the shoulder, so that he could drive . . . Before the Complainant pulled over, the Defendant pulled out a long-barreled black gun and showed it to [Complainant] and asked him what he thought of it.  [Complainant] saw the gun, and then pulled his gun over to the shoulder, and let the Defendant drive.  [Description of Defendant driving

> Complainants around Philadelphia, forbidding them from leaving the car, and committing further criminal acts, including purchasing drugs and another gunpoint robbery of unidentified victims. Then,] Defendant told [Complainants] to get out of the car and wait for [him and another male]. That's when the Defendant and the other male drove away [with car and Complainant's gold chain] . . .
>
> [O]n Friday, January the 8th, 1993, at 8:30 p.m., [Complainants] . . . were in the mall [and] the Defendant, along with another male, approached them, and stated that they had a car outside, and their battery was dead, requesting a jump start. . . The Defendant then told [Complainant] that he knew a shortcut to the rear of the mall lot and directed [Complainant to drive] onto I-95, going south. While [Complainant] was driving, the Defendant produced a dark-colored, semi-automatic handgun, and stated to the Complainants that he would shoot them if they didn't give him their money. . . After the money was given over, the Defendant ordered [Complainant] to pull his car over to the side of I-95. The Defendant then ordered [Complainants] out of the car, and he proceeded to drive off in [Complainant]'s car.

(N/T Change of Plea Hearing 6/29/93 (hereinafter "N/T Plea Hearing"), ECF No. 115-3, pp. 19-26.) Petitioner was asked specifically if this was the conduct to which he was pleading guilty and answered in the affirmative. (N/T Plea Hearing, ECF No. 11-3, p. 27.) Earlier in the hearing, The Honorable Judge Jane Cutler Greenspan explained to the Petitioner that "[r]obbery is the taking of someone else's property, in this case, by threatening serious bodily injury" and, later, that "[t]hose are the elements of the crimes charged here." (N/T Plea Hearing, ECF No. 115-3, pp. 17-18.) The Petitioner ultimately pled guilty to, as relevant here, four counts of first-degree robbery and five counts of kidnapping by force, threat, or deception for these three incidents. (N/T Plea Hearing, ECF No. 115-3, pp. 27-30.)

On June 18, 2016, the Petitioner entered a timely[1] Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255(a). (ECF NO. 108.) This Motion challenges the constitutionality of his convictions based on the Supreme Court holding in *Johnson v. United*

---

[1] There is a one-year limitations period that runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). *Johnson v. United States*, the relevant benchmark case, was decided on June 26, 2015. 576 U.S. 591 (2015).

*States*, 576 U.S. 591 (2015) and requests that this Court vacate and correct Petitioner's sentence without the ACCA and U.S.S.G. § 2K2.1 sentencing enhancements. *See* ECF No. 108. The Government filed its Response to Petitioner's Section 2255 Motion on April 11, 2017. (ECF No. 117.)

## III.    LEGAL STANDARD

A federal prisoner may move the court to vacate, set aside, or correct the sentence where the sentence imposed was unconstitutional, imposed by a court that lacked jurisdiction, in excess of the lawful maximum, or otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The wrongful application of a mandatory minimum sentence or other sentencing enhancements to ineligible charges would constitute a violation of a criminal defendant's due process rights. U.S. Const. amend. V.

## IV.    DISCUSSION

### A.    *The Petitioner Was Properly Designated an Armed Career Criminal.*

#### 1.    Pennsylvania's Robbery Statute is Divisible.

The Petitioner argues here that Pennsylvania's robbery statute is indivisible and that, therefore, he pled guilty to first-degree robbery generally and the minimum conduct prohibited by the statute. First-degree robbery is defined as committing a theft by "(i) inflict[ing] serious bodily injury upon another; (ii) threaten[ing] another with or intentionally put[ting] him in fear of immediate serious bodily injury; [or] (iii) commit[ting] or threaten[ing] immediately to commit any felony of the first or second degree." 18 Pa. C.S. §§ 3701(a)(1)(i)-(iii). The Third Circuit has found that Pennsylvania's robbery statute is divisible. *United States v. Blair*, 734 F.3d 218, 225 (3d Cir. 2013); *United States v. Peppers*, 899 F.3d 211, 232 (3d Cir. 2018). Because the statute is divisible, the Court will use the modified categorical approach, whereby the Court can

look to certain judicial records to determine which subsection of the statute formed the basis of the Petitioner's prior convictions. *Blair*, 734 F.3d at 225.

### 2. The *Shepard* Documents Support a Finding That the Petitioner Was Sentenced Under 18 Pa. C.S. § 3701(a)(1)(ii).

The transcript of the plea colloquy shows that the Petitioner was sentenced pursuant to 18 Pa. C.S. § 3701(a)(1)(ii) (hereinafter "Subsection (ii)") of Pennsylvania's robbery statute, which criminalizes threatening another or intentionally putting another in fear of serious bodily injury. In using the modified categorical approach, courts are required to look only to a narrow category of extra-statutory materials, referred to as *Shepard* documents, to determine the relevant subsection: "the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005). The Court may not consider other records describing the underlying conduct and must instead assume that the defendant only engaged in the minimum conduct criminalized by the statute. *United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018). Here, the Court is permitted under *Shepard* to consider the transcript of the plea colloquy and the facts confirmed by the Petitioner therein to determine which subsection of the Pennsylvania robbery statute formed the basis of Petitioner's sentence. This transcript shows that the Petitioner was sentenced pursuant to Subsection (ii) for the taking of property by threat of serious bodily injury.

As part of Petitioner's guilty plea colloquy, Judge Greenspan, in explaining the elements of the crimes he was charged with, told the Petitioner that "[r]obbery is the taking of someone else's property, *in this case, by threatening serious bodily injury*" (emphasis added). (N/T Plea Hearing, ECF No. 115-3, p. 17.) She later reiterated that "[t]hose are the elements of the crimes

charged here." (N/T Plea Hearing, ECF No. 115-3, p. 18.) The Petitioner then confirmed that he committed the crimes he was charged with by visibly brandishing a firearm, directing his victims to give him their possessions or not stop him from taking them, and then leaving with those possessions on three separate occasions. (N/T Plea Hearing, ECF No. 115-3, pp. 19-26.) The conduct sworn to, including threateningly brandishing a firearm to effectuate his thefts, and the explanation of his charges by Judge Greenspan during Petitioner's plea hearing convince this Court that Petitioner's convictions for first-degree robbery were based in Subsection (ii).

        3.       <u>Subsection (ii) Satisfies the Elements Clause of the ACCA.</u>

The imposition of Petitioner's fifteen-year mandatory minimum sentence under the ACCA was appropriate because he had been convicted of three violent felonies as defined in the ACCA. 18 U.S.C. § 924(e)(1). The ACCA had defined a violent felony as a crime punishable by imprisonment for more than one year that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [(the elements clause)]; or (ii) . . . involves conduct that presents a serious potential risk of physical injury to another [(the residual clause)]." 18 U.S.C. § 924(e)(2)(B). The Supreme Court, in *Johnson*, held that the residual clause of the ACCA was unconstitutionally vague. 135 S. Ct. at 2557-59. To satisfy the remaining elements clause of the ACCA, the predicate crime must categorically involve the use or attempted use of physical force, as Subsection (ii) does. *See United States v. Heng Khim*, 748 F. App'x 440, 444-45 (3d Cir. 2018) (finding that Subsection (ii) of the Pennsylvania robbery statute categorically involves the use or attempted use of physical force).

In *Borden v. United States*, the Supreme Court held that crimes that can be committed recklessly do not fall under the remaining elements clause of the ACCA because the clause requires targeted, volitional conduct. 141 S. Ct. 1817, 1825-26 (2021). The Third Circuit has

since held that Subsection (ii) of the Pennsylvania robbery statute requires such an intentional act and therefore satisfies the ACCA's elements clause. *See United States v. Henderson*, 80 F. 4th 207, 213-15 (3d Cir. 2023) (finding that Pennsylvania case law and the text and structure of Subsection (ii) support the interpretation that threatening another requires the intention to put another in fear of harm). Accordingly, as the Petitioner was convicted of three Subsection (ii) robberies, the Court finds that the Petitioner was properly designated an armed career criminal under the ACCA. Having found that the ACCA's fifteen-year mandatory minimum was appropriately applied, the Court does not need to consider the Petitioner's contemporaneous kidnapping convictions.

      B.    *The Petitioner Committed Crimes of Violence Subject to a Sentencing Enhancement Under U.S.S.G. § 2K2.1(a)(2).*

Petitioner's robbery convictions were properly categorized as crimes of violence for the purpose of applying the U.S.S.G. § 2K2.1(a)(2) sentencing enhancement. Under this guideline, defendants who are charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) who had previously committed at least two felony crimes of violence are to be assigned a base offense level of 24. U.S.S.G. § 2K2.1(a)(2). A crime of violence for the purposes of this sentencing enhancement is defined in U.S.S.G. § 4B1.2, the same section as is used for career offenders. This section mirrored the ACCA's elements and residual clauses defining violent felony and, accordingly, the residual clause was removed following the Supreme Court's ruling in *Johnson*. U.S.S.G. § 4B1.2(a); *see also United States v. Jones*, 740 F.3d 127, 133 n.1 (3d Cir. 2014) (noting that authority interpreting the definition of a violent felony under the ACCA is generally applied when interpreting the definition of a crime of violence under the Sentencing Guidelines and vice versa). For the reasons stated above, first-degree robbery under Subsection (ii) of Pennsylvania's robbery statute constitutes a crime of violence under the

remaining elements clause of the ACCA and U.S.S.G. § 4B1.2(a).  Therefore, this Court finds that the sentencing enhancement was properly applied to the Petitioner.

## V.     CONCLUSION

For the foregoing reasons, the Petitioner's Motion to Vacate, Set Aside, or Correct the Sentence is Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**